EXHIBIT B

COMPLAINT TO TRANS UNION, LLC



FILED
COURT OF COMMON PLEAS

MAR 1 0 2021

JILL FANKHAUSER, Clerk
PORTAGE COUNTY, OH

## IN THE COURT OF COMMON PLEAS
## PORTAGE COUNTY, OHIO

| | |
|---|---|
| STEVE J. RILEY<br>a.k.a. STEVEN J. RILEY<br>886 Susan Road<br>Ravenna, OH  44266<br><br> Plaintiff, <br>v.<br><br>EOS CCA<br>P.O. Box 329<br>Norwell, MA 02061<br><br>and<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br>c/o CT Corporation System, Statutory Agent<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219<br><br>and<br><br>TRANS UNION, LLC<br>c/o The Prentice-Hall Corp. System, Inc.<br>Statutory Agent<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215<br><br> Defendants. <br><br>Please also serve Defendant Experian at:<br><br>Experian<br>701 Experian Parkway<br>Allen, TX 75013 | CASE NO.:<br><br>**2021CV00130**<br><br>JUDGE<br><br>JUDGE BECKY L. DOHERTY<br><br>**COMPLAINT FOR MONEY**<br>**DAMAGES AND OTHER**<br>**RELIEF** |



## JURISDICTION AND VENUE

**NOW COMES** Plaintiff, Steve J. Riley, by and through undersigned counsel, and for his complaint against EOS CCA ("EOS"); Experian Information Solutions, Inc., ("Experian") and Transunion, LLC ("TransUnion") (collectively "Defendants"), asserts the following:

1) Defendant EOS is a "debt collector" as defined by the Fair Debt Collection Practices Act ("FDCPA").

2) EOS has collected and continues to attempt to collect an alleged debt from Plaintiff who resides in Ravenna, Ohio, and within this Court's jurisdiction

3) Said collection efforts have occurred, and continue to occur, in Ravenna Ohio and within this Court's jurisdiction.

4) Defendant Experian is a consumer reporting agency as defined by 15 USC §1681a (f).

5) Defendant TransUnion is a consumer reporting agency as defined by 15 USC §1681a (f).

6) The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose. See 15 USC §1681a (f).

7) Defendants are each a "supplier" as defined in R.C. §1345.01(C), of the Ohio Consumer Sales Practices Act.

8) The alleged debt at issue herein is primarily for personal, family or household use, therefore, EOS's collection efforts are a "consumer transaction" as defined by O.R.C. 1345.01 (A).

9)      The reporting of an individual's credit history (for the consumer) is primarily for personal, family or household use and is a "consumer transaction" as defined by O.R.C. 1345.01 (A).

10)      The amount in controversy exceeds $25,000.00.

11)      This action is properly venued in Portage County, Ohio.

12)      This Court has subject matter jurisdiction over the claims set forth in this Complaint.

13)      This Court has personal jurisdiction over Defendants.


## FACTS COMMON TO ALL CLAIMS

14)      Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

15)      Defendants were all notified by Plaintiff that the alleged debt at issue herein was misreporting on his credit report; that it was not his debt; and that Defendants should verify said account and correct Plaintiff's credit report by deleting the inaccuracy(ies).

16)      Despite the fact that Plaintiff has advised Defendants that this was not his account and that he does not owe this money, Defendants have continued to falsely and maliciously report this alleged debt on Plaintiff's credit report which has created and resulted in derogatory information to remain on Plaintiff's credit report.

17)      Defendants Experian and TransUnion failed and/or refused to conduct a reasonable review of Plaintiff's credit history and to remove the misreporting information regarding the alleged debt at issue herein from Plaintiff's credit report.

18)      Defendants Experian and TransUnion have defamed Plaintiff by reporting false information to all potential creditors that look at his Experian and TransUnion credit report(s) while the information of the alleged debt at issue herein has been misreporting.

3

19) Due to the obvious and derogatory affect of the misreporting of a false debt and a collection account on Plaintiff's credit report, Plaintiff has been forced to hire one or more attorneys to perform legal services in order to have the inaccurate information removed, including, but not limited to, the filing of this action and the costs associated therewith to effectuate the removal.

### COUNT I: FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
(As to Defendant EOS)

20) Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

21) EOS has violated the FDCPA by making false representations of the character, amount and/or legal status of the alleged debt at issue.

22) EOS has further violated the FDCPA by attempting to collect monies from Plaintiff, which are not expressly authorized by an agreement between the parties.

23) EOS has further violated the FDCPA by using unfair and unconscionable means to attempt to collect an alleged debt from Plaintiff, to wit: placing the alleged debt on Plaintiff's credit report(s) without proof or evidence that Plaintiff owes the alleged debt.

24) EOS has further violated the FDCPA by attempting to collect a debt from Plaintiff that he does not owe.

25) Pursuant to the FDCPA, Plaintiff is entitled to statutory damages and attorney's fees from EOS.

26) As a result of EOS violating the FDCPA, EOS should be ordered to cease all collection efforts on the alleged debt at issue herein and to refrain from reporting this alleged account to all credit reporting agencies (i.e. the Credit Bureaus).

### COUNT II: FAIR CREDIT REPORTING ACT ("FCRA")
(As to Defendant EOS)

27) Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

4

28)     EOS is a "Furnisher" as used in the Fair Credit Reporting Act ("FCRA") (15 U.S.C. §1681, et seq.).

29)     Pursuant to the provisions of the FCRA, EOS has an affirmative duty to refrain from placing any false information on Plaintiff's credit report.

30)     Pursuant to the provisions of the FCRA, EOS has an equally affirmative duty to conduct a reasonable investigation into the accuracy of its reporting to any Credit Bureau when a dispute is filed as to such reporting.

31)     Despite its duties, EOS is misreporting the alleged account at issue on Plaintiff's credit report.

32)     In response, Plaintiff has disputed the reporting of this alleged account with the Credit Bureaus.

33)     As a result, EOS verified the reporting of the alleged account with the Credit Bureaus.

34)     However, EOS has failed and refused to correct their reporting of the alleged account with the Credit Bureaus.

35)     As a result, EOS willfully and/or negligently placed false, derogatory and misleading information on Plaintiff's credit report.

36)     EOS has failed and refused to conduct a reasonable investigation into the accuracy of its reporting of the alleged account at issue herein to the Credit Bureaus after receiving notice that Plaintiff was disputing same with the Credit Bureaus.

37)     Based upon the above-cited willful and/or negligent violations of the FCRA, Plaintiff seeks damages against EOS in an amount set forth herein, in addition to punitive damages and reasonable attorneys' fees as provided in said Act.

## COUNT III: FAIR CREDIT REPORTING ACT ("FCRA")
(As to Defendants Experian and TransUnion)

38)     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

39)     Pursuant to the provisions of the Fair Credit Reporting Act ("FCRA"), Section 1681 et seq., Title 15, U.S. Code, Experian and TransUnion had an affirmative duty to refrain from placing any false information on Plaintiff's credit reports and to only report accurate information on said report.

40)     Plaintiff has attempted to have Experian and TransUnion correct the account at issue on his credit report on one or more occasions.

41)     Experian and TransUnion have failed and/or refused to correct their false reporting of Plaintiff's credit.

42)     Experian and TransUnion have negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

43)     After receiving Plaintiff's consumer dispute to the Errant Trade Line(s), Experian and TransUnion negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

44)     Experian and TransUnion willfully and/or negligently have continued to erroneously report derogatory and misleading information on Plaintiff's credit report(s) despite Plaintiff's demands to have it removed from his report(s).

45)     Experian and TransUnion failed to timely conduct the reinvestigation of Plaintiff's credit report, as required by the FCRA.

46)     Experian and TransUnion failed to timely provide written notice to Plaintiff of the results of the reinvestigation of Plaintiff's credit report, as required by the FCRA.

47)     Further, Experian and TransUnion failed to timely provide Plaintiff certain statements and notices with respect to the reinvestigation, as required by the FCRA

48)     Based upon the above-cited willful and/or negligent violations of the FCRA, Plaintiff seeks damages against Experian and TransUnion, in an amount set forth herein, in addition to punitive damages and reasonable attorneys' fees as provided in said Act.

## COUNT IV: DEFAMATION
(As to all Defendants)

49)     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

50)     Plaintiff and his agents have repeatedly advised Defendants that he does not owe the alleged debt at issue and that, by reporting the information on his credit report, Defendants were willfully misreporting the trade line.

51)     Defendants, by reporting inaccurate information on Plaintiff's credit reports, after being advised of the misreporting and then defiantly and arrogantly failing to investigate the reporting and correct same, have made false and malicious publications against Plaintiff with an intent to injure Plaintiff's reputation, or to expose him to public contempt, ridicule, shame, or disgrace or to affect him injuriously in his trade, business or profession.

52)     Defendants have defamed Plaintiff by advising third persons that Plaintiff owes a debt the he does not owe.

53)     Defendants have further defamed Plaintiff by having false and derogatory marks placed on Plaintiff's credit reports despite being asked to take them off said reports.

54)     Plaintiff has been damaged by Defendants' defamation in that his reputation is injured, he has had to expend monies to retain professionals to dispute, verify and get the derogatory trade line removed from his credit report and will continue to be damaged, until such matters are fully corrected.

7

55)     Defendants' defamation is the cause-in-fact and proximate cause of the damages suffered by Plaintiff, which includes loss of credit, damage to reputation, trade, and business, in addition to further damages set forth herein.

56)     As a result of Defendants' defamation of Plaintiff, he is entitled to monetary damages, including, but not limited to, punitive damages and compensatory damages.

### COUNT V: CONSUMER SALES PROTECTION ACT ("CSPA")
(As to all Defendants)

57)     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

58)     By violating the FCRA and the FDCPA, Defendants have violated the Ohio Consumer Sales Practices Act, being O.R.C. §1345.01, *et seq*. (The "CSPA").

59)     Each of Defendants' violations of the FCRA and/or the FDCPA is a separate violation of the CSPA.

60)     As a result, Plaintiff is entitled to damages in the amount of $200.00 for each of Defendants' violations of the CSPA.

61)     As a result of Defendant's violations of the CSPA, Plaintiff is entitled to compensatory damages, statutory damages, treble damages and attorney's fees as against Defendants.

### COUNT VI: WILLFUL OR NEGLIGENT CONDUCT
(As to Defendants Experian and TransUnion)

62)     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

63)     The FCRA imposes several duties on a credit reporting agency. One such duty being to report accurate information on a consumer's credit report. *See* 15 U.S.C. §1681e.

64)     Another duty requires a credit reporting agency to conduct a reasonable investigation to "determine whether the disputed information is inaccurate." See 15 U.S.C.

8

§1681i(a)(1)(A). This section of the FCRA also places a limit of 30 days for the credit reporting agency to conclude this investigation.

65)  Experian and TransUnion have breached their duties to the Plaintiff consumer in this case as set forth by the FCRA by willfully and/or negligently reporting the false and derogatory information, as set forth herein and then by failing to correct Plaintiff's credit report.

66)  Plaintiff has been damaged by Experian's and TransUnion's willful and/or negligent conduct, and will continue to be damaged until such matters are fully and completely resolved.

67)  Experian and TransUnion have willfully and/or negligently failed to follow re-investigation procedures upon receipt of a notice of dispute under §1681i(a)(2).

68)  Experian's and TransUnion's willful and/or negligent conduct is the cause-in-fact and proximate cause of the damages suffered by Plaintiff which includes, but is not limited to: loss of credit, damage to reputation, trade, and business, in addition to further damages set forth herein.

69)  Based upon the above-cited negligence of Experian and TransUnion, Plaintiff seeks damages against Experian and TransUnion, in an amount set forth herein, in addition to punitive damages and reasonable attorneys' fees as provided for under applicable Ohio law.

**WHEREFORE,** Plaintiff Steve J. Riley prays for judgment against Defendants EOS, Experian and TransUnion, for the maximum amount of statutory damages as permitted by the FDCPA, FCRA and CSPA, compensatory damages, punitive damages, incidental damages, reimbursement for all reasonable attorneys' fees expended to have the trade line item removed, along with the affirmative relief that Defendants be ordered to immediately act to correct all false, inaccurate, incorrect and misleading information contained on Plaintiff's credit reports and with all other credit reporting companies reports, in addition to any further relief as this

9

Honorable Court shall find, make, and Order in this Cause, with all Court and Litigation costs of

this action to be assessed against Defendants.

Respectfully submitted by:

ERIK L. WALTER  (#0078988)
Dworken & Bernstein Co., LPA
60 South Park Place
Painesville, OH 44077
(440) 352-3391      (440) 352-3469 Fax
ewalter@dworkenlaw.com
Attorney for Plaintiff


 and

ROBERT J. WILLIS  (#0062740)
Petronzio Schneier Co., LPA (*Of Counsel*)
26401 Emery Road, Suite 105
Cleveland, OH 44128
(216) 464-3336
rwillis@ps-law.com
Attorney for Plaintiff

10